FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

DEC 4 2007

JAMES N. HATTEN, Clerk
By  J Sewell  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN ERIC SANDLES, <br> INMATE NO. 22367086, <br> Plaintiff, | : <br> : <br> : <br> : | FEDERAL TORT CLAIMS ACT <br> 28 U.S.C. § 1346; 28 U.S.C. <br> §§ 2671-2680 |
| v. | : <br> : | CIVIL ACTION NO. <br> 1:07-CV-2844-TWT |
| UNITED STATES OF AMERICA, <br> Defendant. | : <br> : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil action. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

II.  Discussion

According to Plaintiff, on January 18, 2000, he was released from federal prison. (Doc. 1, attached Federal Tort Claims Act ("FTCA") complaint, at 2). Plaintiff alleges that prison officials violated a court order by failing to treat him for "psychological problems" before releasing him. (Id.). Allegedly due to not being treated for his mental illness, on February 3, 2000, Plaintiff committed bank robbery. (Id.). Plaintiff was subsequently convicted of the crime and "suffered over six years in prison." (Id.). On November 27, 2006, the United States Court of Appeals for the Sixth Circuit reversed Plaintiff's bank robbery conviction. See United States v. Sandles, 469 F.3d 508, 512 (6th Cir. 2006) (reversing bank robbery conviction "because the Government failed to proffer sufficient evidence that the Michigan National Bank's deposits were insured by the FDIC"), cert. denied, __ U.S. __, 128 S. Ct. 229 (2007). The Sixth Circuit Court of Appeals then "remand[ed] this case for a new trial." Id. at 518.

Plaintiff filed a claim for damages, pursuant to the FTCA, but he has not received a response from the government. (Doc. 1 at 3). Plaintiff seeks money damages in the amount of $6,950,000.00. (Doc. 1, attached FTCA complaint, at 2).

On October 14, 2003, Plaintiff filed a civil action in this Court in which he raised the identical FTCA claim. See Sandles v. United States, Civil Action No. 1:03-CV-3138-TWT (N.D. Ga. Feb. 6, 2004). On January 2, 2004, the undersigned District Judge entered an Order finding that Plaintiff's previous civil action should be dismissed as frivolous, and on February 6, 2004, the Clerk of the Court entered an Order dismissing that action. Id. at Docs. 3-4.

This Court found that the previous action was time-barred because Plaintiff, who filed his FTCA claim on June 30, 2003, waited over one year after the two-year limitation period for seeking relief pursuant to the FTCA had expired. Id., Doc. 3 at 3-4.[1] This Court also noted that "the United States is immune from a

---

[1] Title 28 U.S.C. § 2401(b) states in pertinent part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ." See also United States v. Kubrick, 444 U.S. 111, 12-24 (1979) (discussing when an FTCA claim accrues and relied upon by this Court to conclude that Plaintiff's claim accrued on January 18, 2000).

3

negligence action where a decision requires the exercise of discretion and involves policy considerations." Id. at 4 n.2; see Bailor v. Salvation Army, 51 F.3d 678, 685 (7th Cir. 1995) (negligent placement of prisoner with violent assault history in halfway house was protected under discretionary function exception).

The passage of time has not altered the above conclusions, and consequently, the instant civil action should be dismissed as frivolous. This Court also notes that this action is barred under the doctrine of res judicata. See I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

III. Conclusion

**IT IS ORDERED** that the instant civil action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this _3_ day of _December_, 2007.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)